**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

```
TINA JEAN WALKER,                   )
                                    )
              Plaintiff,            )
                                    )
                                    )  Case No. CIV-20-046-JFH-KEW
                                    )
COMMISSIONER OF THE SOCIAL          )
SECURITY ADMINISTRATION,            )
                                    )
              Defendant.            )
```

**REPORT AND RECOMMENDATION**

Plaintiff Tina Jean Walker (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined she was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairments are of such severity that he is not only unable to do his previous work

but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. § 423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) (citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1]    Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally, Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also*, *Casias*, 933 F.2d at 800-01.

### Claimant's Background

Claimant was 33 years old at the time of the ALJ's decision. She has at least a high school education and no past relevant work. Claimant alleges an inability to work beginning on January 1, 2006, due to limitations resulting from learning problems, learning disability, anxiety, manic depression, and bipolar disorder.

### Procedural History

On December 21, 2016, Claimant protectively filed for supplemental security income benefits pursuant to Title XVI (42 U.S.C. § 1381, *et seq*.) of the Social Security Act. Her application was denied initially and upon reconsideration. On August 6, 2018, ALJ Edward L. Thompson conducted a hearing in Oklahoma City,

Oklahoma, at which Claimant testified. On December 26, 2018, the ALJ entered an unfavorable decision. Claimant requested review by the Appeals Council, and on December 17, 2019, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform work at all exertional levels, with non-exertional limitations.

### Errors Alleged for Review

Claimant asserts the ALJ's failure to include physical limitations in the RFC assessment was legally flawed and not supported by substantial evidence.

### RFC Assessment

In his decision, the ALJ found Claimant suffered from severe impairments of bipolar disorder, anxiety, borderline intellectual functioning, learning disability, and reading disorder. (Tr. 23). He determined Claimant could perform work at all exertional levels, but with non-exertional limitations. Claimant could perform simple tasks with routine supervision, with simple tasks defined as "unskilled entry-level work" with an SVP of 1 or 2. She could

relate to supervisors and co-workers on a superficial work basis, with superficial defined as "brief, succinct, cursory, concise communication relevant to the task being performed." Claimant could relate to the general public, adapt to a work situation, and could only perform jobs "with a Dictionary of Occupational Titles (DOT), general education development reasoning level of one." (Tr. 25-26).

After consultation with a vocational expert ("VE"), the ALJ determined Claimant could perform the representative jobs of farm worker II, industrial cleaner sweeper, wall washer, screwdriver operator, advertising material distributor, and housekeeper cleaner, all of which the ALJ found existed in sufficient numbers in the national economy. (Tr. 31). As a result, the ALJ concluded Claimant has not been under a disability since December 21, 2016, the date her application was filed. (Tr. 32).

Claimant first argues that even though the ALJ determined her right knee condition was a non-severe impairment, the evidence does not support the lack of physical limitations in the RFC. Claimant seems to suggest that the ALJ should have considered the impairment severe, but in any event, alleges that the ALJ should have determined that her knee condition was sufficient to impose more than minimal limitations on her abilities to perform sustained standing and/or walking, when combined with her extreme obesity.

The focus of a disability determination is on the functional consequences of a condition, not the mere diagnosis. *See*, *e.g.*, *Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.); *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007) (the diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work); *Scull v. Apfel*, 2000 WL 1028250, at *1 (10th Cir. 2000) (disability determinations turn on the functional consequences, not the causes of a claimant's condition).

To the extent Claimant contends her right knee condition should have been included as severe impairment at step two, where an ALJ finds at least one "severe" impairment, a failure to designate another impairment as "severe" at step two does not constitute reversible error because, under the regulations, the agency at later steps considers the combined effect of all of the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *Brescia v. Astrue*, 287 Fed. Appx. 626, 628-629 (10th Cir. 2008). The failure to find that additional impairments are also severe is not cause for reversal so long as the ALJ, in

determining Claimant's RFC, considers the effects "of all of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not severe.'" *Id.*, quoting *Hill v. Astrue*, 289 Fed. Appx. 289, 291–292 (10th Cir. 2008).

The ALJ considered Claimant's right knee condition in his summary of the medical evidence and when assessing the RFC. He determined Claimant suffered from several mental impairments, but he found that her chronic subluxation and dislocation of the right patella and osteoarthritis, history of bladder surgery, tobacco abuse disorder, and obesity were non-severe. (Tr. 23). Regarding her knee condition, the ALJ specifically discussed the evidence supporting his determination that Claimant's knee condition did not result in more than minimal work-related limitations, including her treatment records establishing a diagnosis of chronic subluxation and dislocation of the right patella and osteoarthritis (Tr. 23, 492, 500) and treatment records indicating Claimant suffered from knee pain, which was described as "grinding and popping," which allegedly began when Claimant was fourteen years old. (Tr. 23, 381, 477, 498). He referenced physical examinations whereby Claimant exhibited tenderness to palpitation, limited range of motion, and positive patellar apprehension tests, but the ALJ noted her examinations consistently showed Claimant was in no acute distress and exhibited a normal and stable gait. (Tr. 23, 394, 398, 416, 420, 425, 428, 431, 440, 443, 446, 449,

452, 455, 458, 461, 499-500, 503). The ALJ also discussed an X ray of Claimant's right knee from May of 2017, exhibiting minimal osteoarthritis without acute osseous abnormality, and a follow-up X ray from July of 2018, showing no change or worsening of the right knee. (Tr. 23, 492, 494-95). He relied on Claimant's function report, wherein Claimant reported she went fishing, swimming, and walked when she could. (Tr. 23, 256).

The ALJ further considered the opinions of the state agency physicians who reviewed the record and determined Claimant's physical impairments were non-severe, including her obesity. (Tr. 29, 106, 120). He found the opinions consistent with "the physical examination findings that the [C]laimant was in no acute distress, exhibited a stable gait, . . . diagnostic imaging showing only minimal degeneration, and the [C]laimant's ability to ambulate effectively without the use of assistive devices[.]" (Tr. 29, 394, 398, 416, 420, 425, 428, 431, 440, 443, 446, 449, 452, 455, 458, 461, 499-500, 503). Related to his finding that Claimant could perform a full range of work at all exertional levels, the ALJ reiterated these same reasons for his conclusion. (Tr. 30).

No error is found, as the ALJ's decision demonstrates that he did not simply disregard Claimant's knee condition and obesity in the RFC. The Court will not re-weigh the evidence or substitute its judgment for that of the Commissioner. *See Casias*, 933 F.2d at 800; *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

Claimant also asserts that the ALJ failed to properly evaluate her subjective complaints, as he did not evaluate her right knee symptoms using the relevant factors and did not provide any explanation of whether Claimant's right knee symptoms were consistent or inconsistent with the evidence.

Deference must be given to an ALJ's evaluation of Claimant's pain or symptoms, unless there is an indication the ALJ misread the medical evidence as a whole. *See Casias*, 933 F.2d at 801. Any findings by the ALJ "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). The ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms." Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *10. However, an ALJ is not required to conduct a "formalistic factor-by-factor recitation of the evidence[,]" but he must set forth the specific evidence upon which he relied. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

As part of his evaluation of Claimant's pain and other symptoms, the ALJ noted the two-step process for the evaluation of

symptoms set forth in Social Security Ruling 16-3p and the requirements under 20 C.F.R. § 416.929. (Tr. 26). After thoroughly summarizing the medical evidence and other evidence in the record, as well as Claimant's testimony regarding her symptoms, the ALJ determined Claimant's medically determinable impairments could reasonably cause her alleged symptoms, but he found that Claimant's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with such evidence. (Tr. 26-30). The ALJ considered the objective medical evidence, including physical examination findings and the medical opinions of state agency physicians, in conjunction with Claimant's complaints and her report of activities. (Tr. 23, 26, 28, 29, 30). There is no error with the ALJ's evaluation of Claimant's subjective complaints.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be AFFIRMED. The parties are herewith given fourteen (14) days from the date of the service of this Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate

review of this decision by the District Court based on such findings.

DATED this 23rd day of August, 2021.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE